UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ERIC R. BEST, *pro se*,

                Plaintiff,

        -against-

INDIANA STATE BOARD OF TAX
COMMISSIONERS,

                Defendant.
----------------------------------------------------------------x

**SUMMARY ORDER**

10-CV-4236 (DLI)

**DORA L. IRIZARRY, United States District Judge:**

On September 17, 2010, plaintiff Eric R. Best brought this *pro se* complaint against the Indiana State Board of Tax Commissioners and moved for a preliminary injunction and a temporary restraining order. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of this Order. For the reasons that follow, however, the complaint is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B), and plaintiff's request for injunctive relief is denied.

Plaintiff inherited two parcels of real property located in the state of Indiana upon the death of the prior owner, his grandmother Olga Jones. (Compl. ¶¶ 4-5.) On or about August 25, 2010, defendant notified plaintiff of its intention to obtain a judgment for a tax sale of the parcels for property taxes and penalties allegedly due in excess of $16,817.90. (Compl. ¶ 9.) Defendant further notified plaintiff that it would apply for a judgment "on or after" September 20, 2010 and subsequently hold an auction to sell the parcels. (Pl.'s Aff. ¶ 5.) Plaintiff seeks an injunction to prevent defendant from obtaining such a judgment for a period of at least 90 days.

In reviewing the complaint, the court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nevertheless, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In this case, plaintiff's claims against the Indiana State Board of Tax Commissioners must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because state agencies are protected by sovereign immunity as guaranteed by the Eleventh Amendment. *See Loadholt v. Dep't. of Corrections*, 2009 WL 4230132, at *2 (W.D.N.Y. Nov. 24, 2009) (a plaintiff is entitled to prospective relief only by naming a state official rather than the state or a state agency directly) (citations omitted). Moreover, venue is improper in this district (*see* 28 U.S.C. § 1391(b)), and for that reason, plaintiff is prohibited from filing an amended complaint in this district.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 17, 2010

_____/S/_____
DORA L. IRIZARRY
United States District Judge